UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROGER F. BARNETT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-02156-JPH-MG |
| | ) |
| LVNV FUNDING, LLC, | ) |
| BLITT & GAINES, P.C., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**I.
Granting *in forma pauperis* status**

Mr. Barnett's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [2]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Barnett to proceed without prepaying the filing fee, he remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

**II.
Jurisdiction**

Federal courts are courts of limited jurisdiction. In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the Court determines at any time that it lacks subject-

1

matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

Mr. Barnett's amended complaint lists LVNV Funding, LLC, and Blitt & Gaines, P.C. as defendants. Dkt. 12 at 2. In his ongoing state court proceedings against his creditor, LVNV, he "invok[ed] binding arbitration under the . . . agreements," but the cases were not stayed. *Id.* He alleges that in the proceedings, his motions were denied because they did not have his signature on them and entries were improperly docketed, making for an inaccurate record. *Id.* at 6. Blitt & Gaines is the law firm representing LVNV in the state court proceedings. *Id.* at 2. Mr. Barnett brings claims under the Federal Arbitration Act ("FAA") and 42 U.S.C. § 1983 for violations of his Fourteenth Amendment rights and his supremacy clause rights. *Id.*

Liberally construing Mr. Barnett's complaint, his action is to compel arbitration under the under § 4 of the FAA, 9 U.S.C § 4. *Badgerow v. Walters*, 596 U.S. 1, 8 (2022) ("The FAA "authorizes parties to arbitration agreements to file specified actions in federal court—most prominently, petitions to compel arbitration (under Section 4)."). However, invoking the FAA does not support an independent basis for federal jurisdiction. *Varden v. Discover Bank*, 556 U.S. 49, 59 (2009); *Badgerow*, 596 U.S. at 8 ("Were it otherwise, every arbitration in the country, however distant from federal concerns, could wind up in federal district court."). When determining jurisdiction under § 4, "a

2

federal court should determine its jurisdiction by 'looking through' a § 4 petition to the parties' underlying substantive controversy . . . to determine whether it 'would have jurisdiction under title 28.'"  *Vaden*, 556 U.S. at 62 (quoting 9 U.S.C. § 4).

The Supreme Court has explained the two ways to establish subject-matter jurisdiction under title 28:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Here, the three underlying controversies between Mr. Barnett and LVNV involve LVNV collecting debts from Mr. Barnett.[1]  Breach of contract suits arise under state law and do not implicate a federal question.  *See Valen*, 556 U.S. at 66 (finding no federal jurisdiction for § 4 petition because "the parties' actual controversy, here precipitated by Discover's state-court suit for the balance due

---

[1] The Court takes judicial notice of the filings in Mr. Barnett and LVNV's ongoing state proceedings, *LVNV Funding LLC v. Barnett*, 29D02-2502-CC-001337 (Hamilton Cty. Super. Ct. 2025); *LVNV Funding LLC v. Barnett*, 29D07-2502-CC-001338 (Hamilton Cty. Super. Ct. 2025); *LVNV Funding LLC v. Barnett*, 29D06-2506-CC-006703 (Hamilton Cty. Super. Ct. 2025).  *Daniel v. Cook Cnty.*, 883 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

on Vaden's account, is not amendable to federal-court adjudication"). So, the invocation of the FAA does not confer this Court federal question jurisdiction because the underlying controversies do not implicate a federal question.

Mr. Barnett also presents a federal question under 42 U.S.C. § 1983, however, his claims fail to state a claim upon which relief can be granted. He alleges that when Defendants continued the proceedings in state court after he invoked arbitration, they violated his Fourteenth Amendment due process and equal protection rights, and his supremacy clause rights. Dkt. 12 at 14. "In order to state a claim under [42 U.S.C. § 1983] a plaintiff must allege: (1) that defendants deprived [him] of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir. 2006); *see London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) (private actors may not be sued for "merely private conduct, no matter how discriminatory or wrongful").

Here, Mr. Barnett names two private actors as Defendants, and alleges that "Defendants, acting under color of state law through state-court litigation, deprived Plaintiff of rights protected by the Constitution." Dkt. 12 at 14. However, participation in state court proceedings is not a state action for § 1983 purposes. *See Polk Ctny. v. Dobson,* 454 U.S. 312, 318 (1981); *Briscoe v. LaHue,* 460 U.S. 325, 329 (1983) ("It is beyond question that, when a private party gives testimony in open court . . . that act is not performed 'under color of law.'"). Mr. Barnett does not make any other allegation to suggest that

4

Defendants were acting under the color of state law and not as private parties, therefore his § 1983 claims must be **dismissed.**

Because Mr. Barnett has not stated a claim arising under federal law, the case would have to come within the Court's diversity jurisdiction. To invoke diversity jurisdiction, the amended complaint must allege that Mr. Barnett and Defendants are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. 1332. The amended complaint states that Mr. Barnett resides in Hamilton County, Indiana, but does not state the domicile for either Defendants or allege the amount in controversy. *See* dkt. 12. These allegations are insufficient to establish diversity jurisdiction.

### III.
### Conclusion

Mr. Barnett's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [2].

Defendants' pending motion to dismiss Mr. Barnett's original complaint is **DENIED as moot,** dkt. [7]. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) ("When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling.").

Mr. Barnett's first amended complaint is **DISMISSED**. He shall have until **January 13, 2026,** to file a second amended complaint or otherwise show cause why the case should not be dismissed for lack of subject-matter jurisdiction. In doing so, he must clearly show either (1) the federal law giving rise to his claims, (2) that the parties are of diverse citizenship, or (3) another

basis for the Court's jurisdiction.  If Mr. Barnett does not respond, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction

**SO ORDERED.**

Date: 12/5/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROGER F. BARNETT, JR.
10854 Nature Trail Dr.
Apartment 203
Fishers, IN 46037

All Electronically Registered Counsel.